PER CURIAM.
The judgment below, entered after a non-jury trial, is reversed with directions to enter judgment for the defendant-appellant. We hold that (1) the plaintiff is barred from recovering on the claim asserted for accrued royalties because (a) the record indisputably demonstrates that the debt was voluntarily forgiven and contributed to the defendant, of which Lockwood was an officer, director and stockholder, as an inducement for a third-party to lend funds to the corporation and thus to prevent its financial collapse and (b) the action was in any event time-barred by the untolled running of the five-year statute of limitations, Sec. 95.11(2)(b), Fla.Stat. (1979), prior to the filing of the complaint; and that (2) the claim for royalties on a patent later issued to the plaintiff is likewise precluded because, in two separate agreements, Lockwood specifically assigned the patent rights in question to Safe-T-Lawn.
Reversed.